UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN FRANCIS ARPINO,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:18-cv-00110-MMD-WGC

ORDER

This action comes before the Court on petitioner's application to proceed *in forma pauperis* (ECF No. 1) and for initial screening review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.[1]

The Court finds petitioner cannot pay the filing fee. The application to proceed *in forma pauperis* will therefore be granted. Following review of the petition, the Court determines that the petition must be dismissed.

First, petitioner filed his petition on the form for a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241. However, petitioner is currently in state custody pursuant to a judgment of conviction arising out of Case No. CR13-0259 in the Second Judicial District Court of the State of Nevada. (*See* ECF No. 1-1 at 2.)[2] It is that conviction he challenges as "illegal" in this case. This action is therefore governed by 28 U.S.C. § 2254, and the petition must be filed on the § 2254 form.

---

[1] Although filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Rules Governing Section 2254 Cases are appropriately applied to proceedings undertaken pursuant to § 2241.

[2] Page citation is to the CM/ECF generated number at the top of the page.

Second, the petition attacks the state courts' resolution of a "Motion to Correct Illegal Judgment" filed by petitioner on March 1, 2017. To the extent petitioner is seeking this Court's review of the Nevada Court of Appeals' decision in that appeal, the Court lacks any such appellate jurisdiction over the state supreme court. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

Third, to the extent petitioner is asserting that his state court conviction is in violation of the Constitution, laws or treaties of the United States, it is highly likely the petition is untimely.

The one-year limitation period for § 2254 petitions begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual.[3] 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2). Petitions can also be subject to equitable tolling in some circumstances. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). Neither a properly filed federal habeas petition nor an untimely state habeas petition tolls the limitations period, however. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (holding that an untimely state habeas petition is not "properly filed" and thus does not toll the limitation period); *Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that "a properly filed federal habeas petition does not toll the limitation period").

The judgment of conviction in Case No. CR13-0259 was entered on July 5, 2013.[4] The Nevada Supreme Court affirmed on December 13, 2013. Petitioner's conviction thus became final on March 13, 2014 — the deadline for filing a petition for writ of certiorari with the United States Supreme Court. The federal period under § 2244(d) therefore

---

[3] The period may also begin to run from other dates, none of which appear to apply in this case. *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

[4] *See* https://www.washoecourts.com/Query/CaseInformation/CR13-0259 (last visited Mar. 22, 2018).

2

began to run the next day. Absent tolling or another basis for delayed accrual, the limitations period expired on March 13, 2015.[5] The petition in this case, submitted for filing on or after March 8, 2018 (*see* ECF No. 1-1 at 24), is thus apparently untimely.

While petitioner filed a multitude of petitions, motions and appeals in both the state trial court and the Nevada Supreme Court, it is questionable whether and to what extent the time during which these proceedings were pending is subject to statutory tolling. But even if all of petitioner's pleadings statutorily tolled the limitations period, the petition is still untimely absent another basis for tolling.[6]

The dockets of the state courts reflect that between October 23, 2014, when the Nevada Supreme Court issued notice in lieu of remittitur on its denial of petitioner's "Petition for First Amendment; Petition for Writ of Prohibition" in Case No. 65907,[7] and March 31, 2015, when petitioner filed a "Motion to Correct Illegal Sentence" in the trial court, petitioner had no motions, appeals, or petitions seeking postconviction or other collateral relief pending in the state courts. During that time period of more than five months, the federal limitations period appeared to be running. The records further reflect that no potential tolling applications were pending between May 31, 2016, when the Nevada Supreme Court issued remittitur in petitioner's appeal in Case No. 69791, and March 1, 2017, when petitioner filed another "Motion to Correct Illegal Sentence" in the trial court. During that time period of nine months, the federal limitations period again appeared to be running. Finally, the Nevada Supreme Court issued remittitur on its decision in petitioner's latest appeal related to his conviction on January 9, 2018.

---

[5]The docket reflects no amended judgments after the July 5, 2013, judgment.

[6]The Court notes that petitioner filed a "Motion for Summary Judgment" pursuant to Nevada Rule of Civil Procedure 56 in his criminal case on June 19, 2014, and it is unclear when, if ever, the motion was ruled on. However, it is highly unlikely that the motion was a "properly filed application for State post-conviction or other collateral review." *See Means v. State*, 103 P.3d 25, 37 (Nev. 2004) (citing *Beets v. State*, 871 P.2d 357, 358 (Nev. 1994)) ("[T]he statutes governing post-conviction habeas proceedings do not provide for summary judgment as a method for determining the merits of issues raised in these types of proceedings). The Court therefore does not consider its pendency relevant to calculating the limitations period.

[7]*See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=34104 (last visited Mar. 22, 2018).

Petitioner did not submit his federal petition for filing any earlier than March 8, 2018. During this nearly two-month period, the federal limitations period was also running.

All told, the limitations period ran for *at least* sixteen months before petitioner filed the instant petition. Thus, even assuming all of the various pleadings filed by petitioner in the state court operated to toll the statute of limitations (which the Court is in no way concluding they did), the instant petition would be untimely unless petitioner could establish a basis for otherwise tolling the limitations period. Normally, the Court would order the petitioner to show cause why the petition should not be dismissed as untimely. However, it will not do so in this case. Regardless of the petition's timeliness, it must be dismissed as it is frivolous and fails in several respects to state any cognizable habeas claim.[8]

In Ground One, petitioner asserts that Washoe County District Attorneys, including Dick Gammick who was D.A. when petitioner was charged and convicted, and Christopher Hicks, the current D.A., failed to "perfect" or "validate" their public offices because they did not post a bond with two sureties as required by Nevada statute. Petitioner also asserts that Gammick did not post another bond after he was re-elected to office in 2010. (ECF No. 1-1 at 4.) Petitioner argues that these failures meant that the D.A.s were not validly in office and thus they and their appointees lacked the authority to prosecute anyone, including petitioner.

Substantially the same allegations were considered and discussed by this Court in the context of a civil rights complaint brought by petitioner in 2014. *See Arpino v. Sandoval,* No. 3:14-cv-00481-MMD-WGC (ECF No. 18) (D. Nev. Dec. 12, 2014) ("*Arpino*"). In that case, the Court considered all the statutes cited by the petitioner and found that none provided that a failure of the D.A. to post an appropriate bond stripped the D.A. of his or her authority or violated the constitutional rights of those prosecuted by

---

[8]Summary dismissal is appropriate where the allegations in a habeas petition are "patently frivolous or false." *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir.1990). Moreover, the Court must dismiss a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

4

the D.A. (*Id.*) (discussing NRS §§ 252.030, 282.010, 252.020, 282.120 & 282.200).) The Court thus entered an order dismissing the complaint on the grounds that it failed to state any cognizable civil rights violation. (*Id.*) It further certified that the petitioner's appeal thereof was frivolous or not taken in good faith. (*Id.*, ECF No..) The Ninth Circuit also found the petitioner's appeal of the Court's order to be frivolous. (*Id.,* ECF No. 29.)

The Court agrees with its prior analysis in *Arpino*, and its conclusion is not changed by the additional statutes cited by petitioner in the instant petition.

Nevada Revised Statutes § 282.150 provides that the sureties on an official bond are severally liable for any penal sum over $500.00, "making in the aggregate at least two sureties for the whole penal sum." This in no way suggests that the failure to have two sureties on a bond is fatal to an official's authority. As previously held, "the Court . . . fails to see why having one surety instead of two 'invalidates' Gammick's office and violates Plaintiff's rights under the Constitution. . . . The bond . . . appears to operate regardless of minor deficiencies." (*Arpino,* ECF No. 18 at 5.)

Nevada Revised Statutes § 283.040 provides in relevant part that "[e]very office becomes vacant . . . when a bond is required by law, a refusal or neglect of the person to give the bond within the time prescribed by law." *Id.* § 283.040(1)(3). Petitioner does not allege that the D.A. completely neglected to obtain a bond. Rather, he alleges that the bond was insufficient because it did not have two sureties. Again, a "bond . . . appears to operate regardless of minor deficiencies." (*Arpino,* ECF No. 18 at 6.) While petitioner alleges that Gammick did not secure a new bond after his re-election in 2010, petitioner has not cited to any authority providing that such a failure would strip the D.A. of his authority, even assuming Gammick (1) was required to obtain a new bond after re-election; and (2) failed to do so.

The Court therefore concludes that Ground One of the petition fails to state a cognizable claim of a constitutional violation, much less one that would invalidate his state court conviction. It is, in the Court's opinion, factually and legally frivolous.

///

5

In Ground Two, petitioner alleges that the state courts violated his constitutional rights by denying his motions to correct illegal sentence, despite being presented with evidence of the D.A.'s lack of authority, and thus they have colluded with the D.A. and engaged in a criminal RICO conspiracy. (ECF No. 1-1 at 9-10.) This claim is not only frivolous and fanciful, it fails to state a claim that is cognizable on habeas review. Petitioner's claim is that the state trial court committed a constitutional violation with respect to his motion to correct illegal sentence, a postconviction motion. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

In Ground Three, petitioner alleges that the Nevada Supreme Court and Nevada Court of Appeals also engaged in the conspiracy to violate his rights by denying the appeal of the order denying his motion to correct illegal sentence and by not allowing him to file numerous documents in support. (ECF No. 1-1 at 13-18). He also alleges that Nevada appellate court rules violate his constitutional rights and that the Nevada Court of Appeals, which in Case No. 72762 decided the appeal involving his 2017 motion to correct illegal sentence, lacked authority to do so under Nevada Rule of Appellate Procedure 17(b). Again, errors in state post-conviction proceedings are not cognizable in habeas.[9] *Franzen*, 877 F.2d at 26. Moreover, these allegations have no bearing on the validity of petitioner's conviction under § 2254.

As the petition in this case is frivolous and fails to state a cognizable habeas claim, it must be dismissed. *Hendricks*, 908 F.2d at 491; Rule 4 of the Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 1915(e)(2)(B)(i) & (2).

---

[9]The Court would additionally note that petitioner's argument about the Nevada Court of Appeals' jurisdiction is frivolous, even if it were cognizable in this action. Petitioner asserts that the Court of Appeals can only hear cases involving less than $250,000.00 pursuant to Nevada Rule of Appellate Procedure 17(b), which provides that cases involving that sum or less are "presumptively assigned to the Court of Appeals." Petitioner argues that, as he sought in excess of $2 million in his "motion to correct illegal sentence," the Court of Appeals thus did not have jurisdiction to entertain his appeal. Putting aside the fact that monetary damages are not normally a proper component of a motion seeking postconviction relief in a criminal case, the fact that cases involving less than $250,000.00 are *presumptively* within the jurisdiction of the Court of Appeals does not mean that cases involving more than that amount never can be.

In accordance with the foregoing, it is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner need not pay the filing fee of five dollars ($5.00).

It is further ordered that the Clerk of the Court file the petition for a writ of habeas corpus (ECF No. 1-1).

It is further ordered that the petition in this case is dismissed with prejudice.

It is further ordered that petitioner is denied a certificate of appealability, as reasonable jurists would not find this Court's dismissal of the petition as frivolous and for failing to state a cognizable habeas claim to be wrong or debatable.

DATED THIS 26th day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE